STATE OF HAWAII, Plaintiff-Appellee, *v.* STEVEN WILLIAM BURKHART, Defendant-Appellant

NO. 8998

(CRIMINAL NO. 56634)

FEBRUARY 1, 1984

BURNS, C. J., HEEN AND TANAKA. JJ.

OPINION OF THE COURT BY BURNS, C. J.

A jury convicted defendant-appellant Steven William Burkhart (defendant) of two counts of sodomy in the first degree in violation of Hawaii Revised Statutes (HRS) § 707-733, one count of kidnapping in violation of HRS § 707-720, and one count of sexual abuse in the first degree in violation of HRS § 707-736.

Defendant contends that the trial court erred in allowing the complaining witness to testify that prior to the alleged offense defendant had informed him that defendant had just been released from San Quentin, where he had spent five years for disorderly conduct.[1] He argues that Rules 403 and 404(b), Hawaii Rules of Evidence (HRE), chapter 626, HRS (1981), were violated. We disagree and affirm.

Regarding evidence in a criminal case of other crimes committed by the defendant, the Hawaii Supreme Court in *State v. Iaukea,* 56 Haw. 343, 537 P.2d 724 (1975), adopted a two-test examination of admissibility. The first test is: "[E]vidence of other crimes is deemed to be admissible if it is found to be relevant and to have a tendency to establish the offense charged."*State v. Murphy,* 59 Haw. 1, 8, 575 P.2d 448, 454 (1978). The second test is: "[E]vidence of other crimes is inadmissible except when it helps to establish one of five issues: intent, motive, absence of mistake or accident, identity, or common scheme or plan. . . . [T]hese five traditional exception categories are not intended to be exhaustive[.]" *Id.*

Rule 403, HRE, which became effective on January 1, 1981, generally incorporates the first test. Rule 403 states as follows:

> Exclusion of relevant evidence on grounds of prejudice, confusion, or waste of time. Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Rule 404(b), HRE, generally incorporates the second test. It states as follows:

> Character evidence not admissible to prove conduct; excep-

---

[1] Actually, defendant spent time in San Quentin for other crimes.

tions; other crimes. \*\*\*

(b) Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible where such evidence is probative of any other fact that is of consequence to the determination of the action, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, modus operandi, or absence of mistake or accident.

The complaining witness's knowledge and state of mind are included within Rule 404(b)'s nonexhaustive list of facts. Thus, the issue in this case is whether in that light the trial court's ruling violated either Rule 403 or 404(b). Our answer is no.

It is undisputed that the only factual issue below was whether the complaining witness was an involuntarily restrained and forcibly compelled victim or a voluntary, willing participant. The complaining witness's knowledge and state of mind are dispositively relevant to that issue. It is further undisputed that the outcome of this case turned exclusively upon the credibility of the complaining witness and defendant. Consequently, we agree with the lower court that the evidence complained of was more probative than prejudicial and, thus, admissible.

Affirmed.

*Anthony L. Yusi* (*Charles R. Ching* on the brief), Deputy Public Defenders, for defendant-appellant.

*Leslie E. Kobayashi,* Deputy Prosecuting Attorney, for plaintiff-appellee.